CLAYTON G. CHAMBERS, Appellant, v. STATE OF NEW YORK, Respondent. RUBY CHAMBERS, Appellant, v. STATE OF NEW YORK, Respondent.— Appeals from judgments of the Court of Claims dismissing claims. Claimant, Mrs. Ruby Chambers, had walked on a sidewalk in the hamlet of North Lawrence, St. Lawrence County, until she came to the cement curbing adjacent to State Highway Route 11. The curbing contained one cement step, the tread of which measured six feet and eight inches in width and one foot and three inches in depth at the center. The step was nine inches below the sidewalk and

approximately the same distance above the highway. At the bottom of the step on the level of the highway was a flat concrete slab six feet and eight and one-half inches by approximately one foot and eight inches which covered a sluiceway or gutter which was eight and one-half inches deep. A corner of this slab, roughly triangular in shape having two sides each measuring one foot and one inch and one side measuring one foot and seven inches, had broken from the slab and was not attached to it although it had been fitted back into place. Mrs. Chambers, who had used the step hundreds of times, fell and injured herself while descending from the sidewalk to the highway. She filed a claim alleging that the State was negligent in permitting the sluiceway to become filled with leaves, dirt and debris. A claim for loss of society and for medical expenses was filed by the husband of Mrs. Chambers which contains similar allegations of negligence. Upon the trial, the claims were amended to additionally allege that the State was negligent in permitting the slab covering the sluiceway to remain in a broken and unsafe condition. The claims were then tried upon the theory that as Mrs. Chambers stepped upon the broken corner of the slab it tipped downward causing her to fall into the sluiceway. The court below found that the State was negligent in failing to properly maintain the concrete slab covering the sluiceway and that Mrs. Chambers stepped upon the broken portion of the slab as she descended from the sidewalk. However, other findings were made that the condition of the slab was not the proximate cause of the fall and that the negligence of Mrs. Chambers contributed to the cause of the accident. Thereupon both claims were dismissed. We regard the findings as being in accordance with the weight of the evidence. There is no proof in the record that the broken piece of slab was out of place either immediately before or immediately after the accident. The original claims did not allege that the broken slab had any part in causing the fall. The testimony of Mrs. Chambers concerning her fall was equivocal. She testified that she stepped in the drainage ditch hole and that caused her to be thrown down. Later, she gave a version that as she stepped on the broken piece of slab it caused her to fall. The trier of the facts who heard the testimony and saw the witnesses concluded, in effect, that the broken piece of slab was not the cause of the fall and that carelessness on the part of Mrs. Chambers was, in part at least, the cause of her fall. The record discloses no reason for disturbing the conclusions reached. Judgments unanimously affirmed, without costs. Present — Bergan, J. P., Coon, Halpern, Imrie and Zeller, JJ.